UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ANTONIOS Y. DAHER,**               Chapter 13
    Debtor                         Case No. 08-12436-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

The matter before the Court is the Objection to Confirmation of the Debtor's First Amended Chapter 13 plan filed by James P. Long ("Long"). The Court heard the Objection and the Debtor's Response on July 17, 2008 and took the matter under advisement.

## II. BACKGROUND

The Debtor filed a voluntary Chapter 13 petition, his third within one year, on April 2, 2008. On the same day, he filed an Emergency Motion to Invoke the Automatic Stay, supported by an affidavit, in which he argued that he had clear and convincing evidence to overcome the presumption of bad faith set forth in 11 U.S.C. § 362(c)(4)(D). After explaining the circumstances giving rise to the dismissal of his two prior Chapter 13 cases, the Debtor represented that his two adult children would be moving into his residence and contributing "the monies necessary to the Debtor to support his Chapter 13 Plan."

On April 3, 2008, Judge William Hillman reimposed the automatic stay for a period of 45 days, "subject to possible extension at the next hearing" which was scheduled for May 19, 2008.

On April 25, 2008, the Debtor filed his Schedules, Statement of Financial Affairs, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, which reflected that he is a below median income individual whose applicable commitment period for a Chapter 13 plan is three years.

On Schedule A - Real Property, the Debtor listed his principal residence, located at 31 Arbor Lane, Dedham, Massachusetts, as jointly owned, with a value of $150,500 ($301,000 total), subject to secured claims totaling $356,481.95. On Schedule B - Personal Property, the Debtor listed miscellaneous property worth $3,420. On Schedule C - Property Claimed as Exempt, the Debtor, electing the federal exemptions, claimed as exempt his personal property; he did not claim an exemption in the Arbor Lane property. On an amended Schedule D-Creditors Holding Secured Claims, the Debtor listed mortgage debt on his home in the sum of $325,000, a claim held by Long in the amount of $8,000, purportedly secured by an execution against the Arbor Lane property, and an allegedly wholly unsecured second mortgage held by Sports Oil Corporation in the sum of $31,481.95.[1] On Schedule F - Creditors Holding Unsecured Nonpriority Claims the Debtor listed four creditors with claims totaling $6,949.10. On Schedules I and J - Current Income

---

[1] The Debtor subsequently amended Schedules D and E to reclassify Long's claim from a secured claim to an unsecured claim.

and Expenditures of Individual Debtor(s), the Debtor disclosed income from real property in the sum of $4,100 and income from Social Security the sum of $512, as well as expenditures totaling $3,412, including a monthly mortgage payment in the sum of $2,832.

In addition to his Schedules and Statement of Financial Affairs, the Debtor also filed his 60-month Chapter 13 plan on April 25, 2008. He proposed to pay $1,200 per month, resulting in a 1.05% dividend for his unsecured creditors.

Long, on May 13, 2008, and HSBC Bank USA, N.A., as Indentured Trustee for Fieldstone Mortgage Investment Trust Series 2006-2 ("HSBC"), on April 28, 2008, filed Oppositions to the Debtor's Motion to Invoke the Automatic Stay. In response, the Debtor's sons, John and Richard, filed affidavits. John stated under pains of perjury that he intended to live with his father for the duration of the Chapter 13 plan, and that he had agreed to provide his father with $2,050 per month in support, to commence immediately and terminate in 60 months. Richard filed an identical affidavit. On May 19, 2008, the Court granted the Debtor's Motion to Invoke the Automatic Stay and overruled the Objections filed by Long and HSBC.

On May 24, 2008, the Debtor filed his First Amended Chapter 13 plan. He disclosed a mortgage arrearage in the sum of $63,595 payable through the plan, and he proposed to pay the mortgagee's secured claim of $261,405 directly. The Debtor reduced the dividend payable to unsecured creditors to 0.95%, to account for the reclassification of Long's claim and indicated that he intended to avoid the judicial lien held by Long as he was unable to obtain a recorded execution in the Norfolk County Land Court. In the Liquidation

Analysis, the Debtor valued the Arbor Lane property at $301,000, an amount consistent with the value ascribed to the property on Schedule A.

On May 30, 2008, Long objected to the Debtor's First Amended Plan. In his Objection, Long alleged that the Debtor understated funds available to repay creditors. Long stated that although the Debtor's sons filed affidavits with the Court, "[t]he amended chapter 13 plan that the debtor filed does not include any of that money for distribution to the creditors." Long also asserted that the Debtor's Liquidation Analysis is inaccurate and that the fair market value of the Arbor Lane property is in the range of $390,000-$395,000, a sum which would provide creditors with a 100% dividend. Long arrived at this range "by using data available from the Assessors office from the Town of Dedham for comparable sales . . ." At the hearing, counsel to the Debtor represented that the valuation of the Arbor Way property was based upon an "on-line appraisal."

### III. DISCUSSION

Long's objection raises issues under 11 U.S.C. § 1325(a)(4) and (a)(6). The valuation of the Debtor's property implicates the so-called "best interests" test set forth in section 1325(a)(4) and tests the validity of the Liquidation Analysis set forth in the Debtor's plan. The Debtor's reliance upon contributions from his sons to make his plan payments implicates the confirmation requirement of feasibility under section 1325(a)(6), namely that "the debtor will be able to make all payments under the plan and to comply with the plan."

Upon consideration of the affidavits filed by the Debtor's sons, the Court concludes that, to the extent that Long's Objection to the Debtor's plan is predicated upon an

4

understatement of the Debtor's income, it is unwarranted. The Debtor is using the income contributed by his sons to pay his ordinary and necessary living expenses, including mortgage payments, as well as plan payments. Long, however, is entitled to examine the sons as to their ability to make monthly support payments to the Debtor in the amounts set forth in their affidavits. As a result, the Court finds that there are facts in dispute requiring an evidentiary hearing at which Long may question the sons as to their employment, and income and expenses, because the feasibility of the Debtor's plan hinges on their ability to make on-going financial contributions for the life of the Debtor's plan. The nature and security of their employment and the extent of their financial obligations are critical to evaluating the feasibility of the Debtor's plan. Long is not barred from raising that issue in conjunction with his Objection to the Debtor's plan, even if he elected not to examine the sons at the May 19, 2008 hearing on the Debtor's Motion to Invoke the Automatic Stay.

With respect to the best interests tests, the Court finds that the Debtor's "on-line appraisal" is no more reliable than Long's use of data from the Assessor's office for the Town of Dedham. Accordingly, the Court finds that an evidentiary hearing is necessary to ascertain the value of the Debtor's interest in the property located at 31 Arbor Lane for purposes of applying the best interests test.

## III. CONCLUSION

In accordance with the foregoing, the Court sustains in part and overrules in part Long's Objection to confirmation. The Court overrules Long's objection to the extent that

5

he alleges that the Debtor understated his income.  The Court finds that the Debtor disclosed the contributions from his sons as "Income from real property."  Nevertheless, Long is entitled to an evidentiary hearing as set forth above with respect to the Debtor's sons' ability to make the plan contributions which they committed to make for the 60-month duration of the Debtor's plan.  Additionally, he is entitled to an evidentiary hearing as to the value of the Debtor's real property.  The Court shall issue a pretrial order.

                Buy the Court,

                _____
                Joan N. Feeney
                United States Bankruptcy Judge

Dated: August 20, 2008
cc: James P. Long, Michael Van Dam, Esq., Carolyn Bankowski, Esq.